IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3307-FL

| | |
|---|---|
| CHARLES EVERETTE HINTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| REBECCA C. EVANS, JANE DOE, ) | |
| FORREST D. BRIDGES, AND THE ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, a state inmate, filed this action pursuant to 42 U.S.C. § 1983. Also before the court is plaintiff's "notice to appoint and designate Honorable Louise W. Flanagan, . . . as Trustee for Charles Everette Hinton the Claimant and Beneficiary" (DE 3).

The Prisoner Litigation Reform Act ("PLRA") allows the court to dismiss a prisoner's action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This subsection is known as the "three strikes" provision of the PLRA. See Altizer v. Deeds, 191 F.3d 540, 544-45 (4th Cir. 1999).

Plaintiff is a frequent filer in the district courts of North Carolina. See e.g., Hinton v. Conrad, No. 3:12-CV-367-PMD (W.D.N.C. July 27, 2012) (noting that, as of 2012, Hinton had filed nineteen (19) pro se suits in the Western District of North Carolina). In the course of his litigation

history, plaintiff has obtained three strikes pursuant to § 1915(g). See Hinton v. Curran, No. 3:09-CV-110-MU-02, 2009 WL 799626 (W.D.N.C. Mar. 24, 2009) (dismissing one of Hinton's previous actions pursuant to § 1915(g)); Hinton v. Doe, 5:13-CT-3013-F (E.D.N.C. Sept. 11. 2013). Further, after a full review of the complaint, the court finds that plaintiff is not under imminent danger of serious physical injury. Accordingly, he may not proceed *in forma pauperis* in this action. See Hill v. Postal Service, 474 F. App'x 152, at *1 (4th Cir. July 12, 2012). Thus, plaintiff' action is barred pursuant to 28 U.S.C. § 1915(g), and is hereby DISMISSED without prejudice.[1] As a result, plaintiff's pending motion (DE 3) is DENIED as moot. The Clerk of Court is DIRECTED to close this case.

    SO ORDERED, this the 8th day of January, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[1] Alternatively, the action is DISMISSED without prejudice because plaintiff failed to comply with Magistrate Judge Robert B. Jones' December 12, 2013, deficiency order requiring plaintiff to pay the filing fee or to file an application to proceed without prepayment of fees and affidavit.

2